Appeal of **THE KENNY BROTHERS**     Docket No. 1530.
          CO.

> Where a corporation acquired from its predecessor tangible property of the actual value of $107,200 and a stamp business valued and set up on its opening books at $10,000, for all of which it issued $112,200 capital stock, $15,000 of which thereafter was retransferred to the corporation and credited to its surplus account, the "stamp business account" remaining unchanged, *held* that, in computing the invested capital of the corporation, the sum of $10,000, representing the value of the stamp business, should not be deducted from the capital stock account, where, at the beginning of the tax years in question, the account showed a deficit and the corporation therefore possessed no surplus from which to deduct the item of $10,000.

Submitted March 18, 1925; decided April 14, 1925.

*William Simpson, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended January 31, 1919, and the period December 31, 1919, in the amounts of $6,107.13 and $5,158.05, respectively.

#### FINDINGS OF FACT.

The taxpayer is an Ohio corporation, with principal offices in Canton, Ohio.

It was organized in 1914, and acquired at that time, from a predecessor partnership for stock, tangible property, and a business known as the "McKinley Stamp Business," which business was worth and was set up on the opening books at $10,000, the total stock so issued being $112,200.

Thereafter, in the year 1915, $15,000 of capital stock was surrendered to the company by R. B. and J. H. Kenny so that its outstanding common stock at January 31, 1915, amounted to the sum of $97,200.

The common capital stock account was increased by stock issued for cash in the sum of $500 during the year ended January 31, 1917, and remained at $97,700 to the close of the year ended January 31, 1918. Thereafter, common stock was issued for cash in the sum of $14,500, bringing the total common stock of the corporation to $110,700.

During the years 1915 to 1919, inclusive, preferred stock was from time to time issued for cash in a total sum of $60,000.

At the time of the surrender of $15,000 of stock by R. B. and J. H. Kenny, the McKinley Stamp Business account remained unchanged on the books, although the stock returned was specifically stated in the corporate minutes of the transaction as being in part the stock issued for that business. In connection with other entries not here in question, the books were balanced by transferring the

$15,000 theretofore represented by capital stock to the surplus account of the corporation.

Thereafter, and on or about February 2, 1924, an examining revenue agent made a report concerning the tax liability of the taxpayer, in which was recommended the additional tax hereinbefore set forth, determined as a deficiency by the Commissioner. In connection with the examiner's recommendations, he adjusted invested capital for the year ended January 31, 1919, by increasing capital stock for preferred stock sold during that year, bringing the total invested capital to $163,654.78, and decreased it by $10,000 on account of the asset carried as the McKinley Stamp Business and $16,226.90 on account of surplus adjustments not in issue in the appeal.

If full effect were given to these adjustments, the invested capital of the taxpayer would have been $137,428.08. However, the revenue agent conceded an invested capital of $147,700, plus allowance for capital stock sold during the year of $5,954.78, a total of $153,654.78, inasmuch as the surplus adjustment produced a deficit in the balance sheet of the taxpayer.

For the taxable year ended December 31, 1919, the revenue agent made similar adjustments, allowing $160,700, less adjustments on account of capital stock repurchased during that year. Surplus adjustments still showed a deficit, except for an allowance on account of Federal income tax payable for the year ended January 31, 1919, and not here in question.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice in accordance with Rule 50.

### OPINION.

JAMES: The sole issue between the taxpayer and the Commissioner relates to the computation of invested capital resulting from the treatment of the so-called " McKinley Stamp Business " account carried on the books of the taxpayer. The position of the Commissioner is adequately set forth in a ruling by the Solicitor, the material portion of which is set forth below:

At the time of incorporation in 1914, capital stock in the amount of $10,000 was issued to J. H. Kenny and R. B. Kenny who formed the predecessor company, a partnership, for an intangible asset known as the " McKinley Stamp Account ". On February 28, 1915, the stock was turned over to the corporation and an entry was made on the books charging unissued stock and crediting surplus. This entry did not eliminate the item as an asset but merely transferred the corresponding credit from the capital stock account to surplus. The Revenue Agent in his examination, it appears, eliminated the item as an asset having no value, but further reduced the capital stock account instead of reducing surplus. The taxpayer apparently raises no question as to the elimination of this item due to lack of value but seems to be under the impression that the agent's adjustment results in a double deduction from invested capital and should, therefore, be reversed.

It is evident that the capital stock account has been reduced by $20,000 instead of $10,000 due to the Revenue Agent's action. The item was already eliminated from the capital stock account by the entry made by the taxpayer in 1915 and the agent's adjustment should therefore have been made to sur-

plus. The effect on invested capital would be the same, however, since the item of $10,000 was eliminated from the asset account but once which, in the opinion of this office, was proper in so far as the determination of invested capital is concerned since the capital stock issued for the stamp account was returned to the corporation and there is no evidence of value.

The taxpayer does not appear to claim a paid-in surplus on account of the value of the McKinley Stamp Business, but contents itself with a claim that invested capital should not be reduced on account of that asset. However, $15,000 par value of the stock originally issued for all of the assets of the Kenny Brothers Company, including the "Stamp Business" account, was retransferred to the corporation and the books balanced in connection with other entries by a credit to surplus which, in effect, offset the "McKinley Stamp Business" account by a surplus account. The taxpayer contends that, inasmuch as the examining revenue agent shows a deficit both at January 31, 1918, and January 31, 1919, in excess of $10,000, the elimination of the "McKinley Business" account from capital stock is erroneous, whether or not that business was actually worth $10,000 when paid in for stock in the corporation.

The contention of the taxpayer is clearly correct. The ruling of the Solicitor ignores the fact that the taxpayer's invested capital is made up entirely of stock issued for property or cash, concededly, so far as property is concerned, of a value in excess of $97,200, to which amount the common stock originally issued was reduced by the $15,000 returned by the Kennys. Had the taxpayer possessed a surplus from which $10,000 could be deducted at the beginning of either of the years ended January 31, 1919, or December 31, 1919, the deduction of the $10,000 item in question would be obviously proper, unless the business had a value of $10,000 when paid in. It is equally clear that since there was no such surplus, but, on the contrary, a deficit in excess of $10,000 on each of the above dates, the deduction of a further sum of $10,000 from the capital stock account was improper. The partnership turned in tangible property for stock in at least the sum, so far as the record shows, of $102,200, and received therefor and for the stamp business stock of a par value of $112,200, thereafter returning $15,000. The taxpayer is clearly entitled to an invested capital for the respective years of $157,700 and $170,700 instead of $147,700 and $160,700, as allowed by the Commissioner.

The tax will be recomputed in accordance with the foregoing and settled as set forth in the decision.